Good morning. Good morning. Good morning. And the first case that we have is United States v. Zahir, number 09-1103. Mr. Paul and Ms. McKillop? McKillop, Your Honor. Thank you. Thank you, Your Honor. Michael Paul, appearing on behalf of Mr. Zahir. Your Honor, this case is really an attack on the ineffectiveness of trial counsel and the misuse of the motion practice relative to the Speedy Trial Act. My brief sets out the law. And in order to even have a speedy trial argument, we need two items. One, we need an appearance before a magistrate. Secondly, we need a public filing of the indictment. Well, it's pretty clear. I mean, I think the government concedes that Carrasquillo applies here and not Williman. So you have that. The question then becomes, you have a sealing of the indictment on December 3 of 2003. The next day they said, we ask you to seal it for the wrong reason. There's cooperation. And then it appears that there was his counsel. How do you pronounce the counsel's name? Sciola? Yes. It was set up a January 8, 2004 conference. Sounds like it was a plea conference, and then it never happened. What went on here? Was there any notice given to the government, hey, he's not going to cooperate, or what? Well, prior to that, the case was adjourned. There was a scheduled proffer in December. Thereafter, on January 8, 2004, my client was taken down by the marshals and with counsel present indicated, as stated in my brief, he was no longer interested in being a cooperative witness and therefore he would like to invoke his right to go to trial. At that point in time, trial counsel should have filed for a motion for the unsealing of the indictment. There was no legitimate reason why the government should have this matter sealed. So when did counsel know that there actually was an indictment? I beg your pardon? When did counsel for Mr. Zaheer actually know that there was an indictment? That would be in December, December 3. That's when counsel was advised that the indictment was in fact sealed. So he could have even gone back then and made the application to have it unsealed, but he waited because his client was cooperating, so therefore there was a legitimate reason for the government to have that matter sealed. However, once, and I believe the most operative dates out of this whole thing. Judge Weiss has a question. He said that defense counsel knew on December 3 that the indictment had been sealed, that the indictment had been returned. Where did he get that information? Yeah, it looked to me like it might have been April that he may have known that, April of the following year, but I didn't see anything that he would have known in December of 03. Very well, Judge, he submitted a motion to dismiss the indictment on March 10, 2004, so he must have known my client was indicted. By March 10th, yeah. He moved to dismiss the criminal complaint. Yeah. Okay. It looked to me like he, on April 27 of 04, when the government filed a motion to vacate the order dismissing the criminal complaint, that Sciola became aware at that time of the indictment. Okay, but that's not the thrust of my argument, Your Honor. My strength of my argument is that January 8th date, when my client said, I do not want to cooperate, that is when the second prong of the Speedy Trial Act was invoked. There was no reason to have any sealed indictment. So the 70 days, given the due deference to the government, starts running when my client says, I don't want to cooperate. There's no legitimate reason to have an indictment sealed.  It wasn't. It was sealed. The indictment was sealed. It was sealed in January of 04. Correct. Or December of 03. Well, it was sealed in December, but it continued to be sealed in January. Yes, sir. Yes. Okay, but the record indicates that in March, when he filed the motion to dismiss the complaint, he wasn't aware that there was a sealed indictment. I think that's one argument for him being ineffective. But the real argument of ineffectiveness is he filed it prematurely. He filed it 10 days too early. He was going back to that December 03 date as the commencement of the Speedy Trial Act. The motion that he filed on March 10, what was his reason for the dismissing of the criminal complaint? I believe because he went back to the original date that he went before the magistrate, which would be November 12 up until present, and the court granted the application, and then the government, a month and a half later, said no. No, I thought he filed that motion on the basis that he had been arrested in November. November 7. And he hadn't been—the indictment hadn't been filed within 30 days, which indicated he didn't know that there was an indictment, and the court dismissed the complaint based on that fact and then reinstated it when the government brought to their attention, wait a minute, there was an indictment, but it was sealed. Right. Is that the record? That's correct. My argument is on January 8 is the day of the 70 days that should start ticking in this case. So he filed it prematurely. If he had waited from January 7, from January 8, rather, to March 20, under a different motion for violation of speedy trial because the indictment is still sealed without legitimate reason because my client has elected not to cooperate, that's when it would have been granted. But instead, he was released on a different theory 10 days earlier, not within the 70-day time period, but 60 days after that time period. All right. Then he's released. He's released on March 30 from custody. Okay. He's never rearrested again, even though the indictment was, or even though the complaint was reinstated. He's not rearrested again until November 14th. In his arrest state. Okay. Yes. And then, in fact, the indictment was unsealed December 16th of 2004. Right. Isn't there some excludable time in there? Well, yes. I believe the time, well, that's the second argument as well. I mean, he was released in good faith and was not unsealed for a long period of time. Isn't your best argument that, hey, look, if he knew, maybe he should have known prior to April 27, 2004, but he then did know on April 27, 2004, and then at some point within 70-plus days thereafter, he should have filed something at that time to dismiss the indictment, similar to what he filed on March 10 to dismiss the complaint. Absolutely. Absolutely. It wasn't done. And he still had an attorney. The government wanted its case, but the government had a right to either repeal that motion or, on the alternative, revisit the issue like they did. So the argument should be, you know, the trial counsel should have been in touch with this client. All right, Mr. Paul, let's assume he did. Let's assume anytime, let's assume sometime between April of 2004 when the complaint was reinstated and December of 2004 when the indictment was unsealed, that he filed a motion to unseal the indictment. Okay? Right. And the fact that if there was a speedy trial remedy and if he filed a motion to dismiss for a violation of the Speedy Trial Act, wasn't the matter going to be dismissed without prejudice? Or wasn't he going to be dismissed without prejudice? Not necessarily. I mean, it's — What are the standards for dismissal with prejudice? Well, if there is actual prejudice to the client, to the defendant, relative to his defense. And in this case, this case took a year and a half after he was arrested until he went to trial. So the prejudice to himself for not being able to have a speedy trial, I believe, per se, that's one of the three factors that would qualify for dismissal of the indictment with prejudice. Don't you have to really show a couple of things here? You'd have to show that the government did not unseal the indictment and did so in bad faith, number one. And number two, that no matter what happens, the court was more likely than not to have dismissed with prejudice as opposed to without prejudice. So if you have to show those two — I mean, maybe it calls for a remand, but it seems like a pretty tough hill to climb on the prejudice front. Well, once my client said he was not going to cooperate, there was no legitimate basis for the government to have it unsealed. This is a civil defending case. I thought that the government then said that it wanted the indictment sealed because they were doing further investigation and public case with the indictment would hinder their pursuit of investigation. So they say, Your Honor, respectfully, but that could be said in any cocaine case. My client was the only legitimate suspect in this case, and the only defendant. I'm sorry. It was said in this case, and it was not the only ground that you have cited before. I beg your pardon? That the government was doing further investigation. There's been no offer of proof that I've read that there's been any subsequent investigation after my client's arrest. And we do know my client, and no other people were arrested, and there were no co-conspirators, no co-defendants in connection with this case. Well, it seems to me the response would be why would the government seal a — how can the government seal an indictment for further investigation? I agree with the court. I mean, that really still counts against the time. And, in fact, bottom line, if the government's not prepared to go to trial, that counts. I agree with the court. I agree. Now, the question — but, you know, all of this seems like speculation. I mean, what evidence do we have or is — what are you asking us to do if we decide there was a speedy trial? Either, one, dismiss the case su sponte, or, two, in the alternative — That would be pretty tough for us to do that when there's all these facts that we don't know. And I also said to you it would be a pretty — it's a very tough field your client has to climb. Have a limited remand for a plenary hearing for a fact-finding. Inquire of trial counsel what his strategies were, what his strategies weren't. Why did he file this type of motion? Why did he wait to file another motion? That's what we can do. We could have a limited remand for a full plenary hearing. That's my application, Your Honor. Why don't we hear from Ms. McKillop. Thank you. May it please the Court. My name is Emily McKillop. I represent the United States. As a beginning, Your Honor, I believe I need to take issue with one of the factual statements made by Appellant's counsel. It does not appear in the record when Government Counsel was informed that the defendant was finally not interested in cooperating. According to the record as I read it — But if it's not in the record — I mean, their point, and it has some logic to it, that if it wasn't January 8th, it was probably shortly thereafter that there wasn't going to be any cooperation. So don't we need to nail that down factually? It was sometime between January 8th and presumably when Counsel filed the motion, which I believe was March 12th. Your Honor, that is a fact that would be of interest. However, the Government's position is that the defendant has fallen so far short of carrying the burden that he needs to carry on a 2255 motion for ineffectiveness of counsel that this particular detail drops out of the calculation. If this case were to go back to Judge Bailson and he were to say that I likely, in this context, would have dismissed with prejudice, if he says that, then it comes down to did the Government have a good reason for not unsealing and there would have to be a factual hearing on that. Now, you might win, but on the face of it, you file something on December 3rd, you correct it the next day saying the reason we filed the day before wasn't correct, we think there's cooperation. It looks like sometime in January you were told that there wasn't going to be any cooperation, so the time starts. And it looks like, Ms. Thomas, your investigator was all over the place trying to get information, including lab results, that didn't come back until the end of March. And as you know, Speedy Trial Act isn't told by, you know, the Government not being prepared. Your Honor, there are several observations in that case. First of all, that would not be the ultimate issue. The ultimate issue would be the ineffectiveness standards and whether under the circumstances of this case the non-filing of the Speedy Trial Act motion by Defendant's counsel fell so far beyond the standard of competent representation that it was not functioning as constitutional counsel. If counsel filed something on March 10 or 12 with respect to the complaint, counsel, you would think that counsel should have very shortly after April 27, once he found out that this is 04, that the indictment had been unsealed, probably should have done something, shouldn't he? Well, Your Honor, during that immediate period, the Defendant was, I would say, at liberty. In the briefing, the word fugitive is used. I don't know if that's technically correct. We don't know the Defendant's whereabouts. We don't know if he was in contact with counsel. So I don't know that counsel could be faulted for not filing between the end of April and mid-November. Now, the issue really is. When did the government become aware of Zaheer's desire to proceed with trial? That does not appear in the record, Your Honor. I have not been able to determine that. I don't believe it was exactly on January 8. It could have occurred any time between January 8 and presumably March 12. However, as Judge Weiss pointed out, that was not the sole reason for sealing of the indictment. The law in this circuit, starting with the Michael case in 1949 and continuing on through DeSalvo, probably the next leading case in this circuit, is that an indictment can be sealed for any proper law enforcement reason, and that in determining that, great deference is accorded to the magistrate judge's discretion. Can an indictment be sealed for the purpose of just doing your ordinary investigation? Ordinary investigation on solely the defendant who is being charged, I would say no, Your Honor. But the facts of this case indicate that this is not a one-defendant offense. This was a huge quantity of cocaine. It was 52 kilograms being sent from California to Philadelphia. And there were indications. Were there any other co-conspirators alleged and indicted or complained about? Ultimately, no, Your Honor, but we do not view this in hindsight. The decision to seal needs to be viewed according to what was available at that time, and the decision whether or not the defense counsel should have filed a speedy trial at motion needs to be considered as of that date. The determination of whether there was a proper law enforcement purpose doesn't turn on the ultimate results of that. It can't. Now, this was a case where it was perfectly reasonable to assume that other persons would be involved. Because of the nature of the offense, I mean, cocaine is not something a defendant grows in window boxes at his own home. It, by its nature, involves transportation, I would assume, from outside the country. I've never heard of a case where it's been produced in the United States. But by the end of March, you realized you were coming up, you know, it was dry. And you dismissed, the government dismissed the complaint. By the mid-March, it was apparent that this defendant had decided he was not going to cooperate. Whether it was determined at that point that this investigation ultimately was not going to result in the identification of any of his sources, customers, or co-conspirators, I can't say. Why was he released only on March 31? You had a good case against him. He's not here. Why was he released on March 31? First of all, Your Honor, I don't know that that was the date. The defendant states that in one of his memoranda, but we haven't established that. I don't know, Your Honor. It does appear that although the government may not have gotten notice of defense counsel's motion to dismiss the complaint, the government did receive a copy of the magistrate judge's order dismissing the complaint. Now, may I interrupt here? On March 10, 2004, defense counsel moved to dismiss the criminal complaint. And two days later, the magistrate released him. Did the government not have notice of any hearing or any action by the magistrate in advance? Your Honor, there is nothing on the docket indicating that there was a hearing. I was not counsel at the time. I don't know from firsthand experience. And I found nothing in the file showing that the government had any knowledge of the motion to dismiss until the actual order. We do have a copy of Judge Angell's order. May I ask another question? Doesn't the magistrate have a separate docket to keep track of this case? Yes, Your Honor. Why didn't the magistrate know that there were pleadings filed before this motion to dismiss was presented to her? Your Honor, I don't know as a matter of clerk's office practice whether the magistrate would be able to determine whether or not there was an indictment under seal. Sure, they had dockets, don't they? Doesn't the magistrate have access to the original complaint docket? The magistrate has access to the original complaint docket. So the magistrate knew that a complaint had been filed. I don't know that the magistrate knew that an indictment had been returned. Because it was sealed, it was not placed on a docket. It would be a docket entry, would it not? I don't understand why the magistrate didn't know what was going on in the case. Your Honor, there would have been no docket. I don't understand why your office didn't advise the magistrate of what was going on in the case. Your Honor, it does not appear from the information that I have been able to track down that the government knew about the motion to dismiss before the magistrate judge ordered the dismissal. That was a period of only a day or two. My understanding was the government had highly unusual for the magistrate to act without any information from the government? Yes, Your Honor, it is surprising. I would have expected a magistrate judge in this position to reach out for government counsel to find out the government's views on this motion. I found no record that that occurred. Certainly, there is nothing on the docket indicating there was an in-court hearing. If one were to look for a motion to seal and an order granting that motion to seal, where would you look for it? There would be no public record of that because of the nature of that. I don't know whether an inquiry by a magistrate judge to the clerk's office would have produced that information. Excuse me. Why doesn't that information go to the magistrate automatically or is available to her automatically? As I understand, the magistrates have a separate docket, then there's a separate criminal docket. Why aren't the two consolidated or at least information exchanged between the two? They are once a sealed indictment has been unsealed. That did not occur in this case. Now, the way the magistrate practices at least – It did in April 27. Well, no, Your Honor, because the formal unsealing was not until mid-December. Oh, I see what you're saying. Now, on April 27 – They knew about it. Yes. April 27, the fact of the indictment was in fact public because the government filed its motion to vacate the dismissal of the complaint and in that motion stated that there had been an indictment returned. Why the government delayed between mid-March and the end of April in filing that motion, I don't know. I cannot find that. Certainly, it should have been done more promptly. When the motion filed on April 27 of 2004, the government had to disclose to the magistrate that there was a sealed indictment in order to get the order from the month earlier overturned. Yes, Your Honor, and the government did so. I noted in preparing for oral argument that the government's motion and the magistrate's judge's order are not in the appendix. I have copies of those with me. Would the Court like me to hand those up? But does that show that the magistrate was informed that there was a sealed indictment in this case? Yes. So as of April, the magistrate knew there was a sealed indictment. Yes, Your Honor, and that does appear to be the justification for the reinstatement of the complaint. And I assume that that motion, even if the government hadn't been notified of the motion to dismiss the complaint, I assume the government served the motion to reinstate the complaint on counsel for the defendant. Yes, Your Honor. Both the government's motion and the court's order reinstating the complaint were served on Mr. Steele. I actually have a copy. So as of April 27, everybody should have known what was going on in this case. Yes, Your Honor, and that opens up an interesting issue of law in this case. This case turns on a provision of the Speedy Trial Act that's had very little interpretation. Speedy Trial period runs, again, this is under Kereski, from the filing of the indictment or the making public. And this is a case where the making public language is important. There's very little law on that. And that's important because in the absence of any clearly established law, it cannot be said that defense counsel was ineffective for failing to file that motion. It may be important for purposes of ineffective assistance of counsel, but it would seem that your time period started for the Speedy Trial Act not while Ms. Thomas was out doing her investigation, but at some point after you were told that Zaheer would no longer cooperate, sometime in January. Technically, that is not what the rule said. Now, a district court judge could have held that the indictment should have been made public upon the ending of the reason for sealing. And as Judge Weiss noted, there were two reasons, not solely the hope for cooperation from the defendant. There were two reasons. Well, December 4th, what was the second reason? December 4th said we think there was going to be cooperation. What was the second reason? The second reason was to investigate what we believe to be the criminal organization or conspiracy of which Zaheer was a part. This is a sort of offense that I don't believe could be committed by one individual. If you're investigating others, what does that have to do with respect to this particular individual's Speedy Trial Act? Your Honor, the law on this circuit is that an indictment may be sealed for any proper purpose and that it does not have to relate to the specific defendant. And the question, and then what you're really asking us to do is write an opinion that says that for purposes of completing investigation, that is not a proper purpose. Well, no, Your Honor, because you have to respect the posture in which this case comes before the court, and that is whether the defendant has carried his burden of showing ineffective assistance. Did the December 4 motion asking the court or revising the reason for asking for sealing of the indictment, did that mention that we need to do an ongoing investigation with respect to a conspiracy, and that is one of the reasons we're asking you for this? It mentioned, yes, the need to do further investigation and to protect the confidentiality of an ongoing investigation. I thought what it talked about was... I believe that was the second motion. Yes. It was a motion separate in itself expressing the need to investigate participation by others. Judge Rice is correct. The first motion to seal was everyone concedes an error. That was swiftly corrected. I believe the motion to seal for the accurate two reasons was submitted even on the same day as the initial sealing order. That was swiftly corrected the next day. So I think we are dealing with the second order, which mentions both the defendant's cooperation and the need to do an ongoing investigation. But there is case law that says preparing for a trial does not toll the Speedy Trial Act time period. Your Honor, there is case law in the statute of limitations context, but that is not what you have said is not exactly what was going on. You can't toll the Speedy Trial Act just to prepare the case against the one defendant, but there's been no showing that that's all that was going on. Now, in this case, the district... Do we know that? What I'm saying, you might win in the end. I think you will win in the end probably. I think it's a really tough way for this defendant to show that there's any prejudice, and it would all be knocked out of the box if it gets remanded and Judge Belson says, hey, look, no matter what happens, I would have dismissed without prejudice. Boom. But the point is we don't know. I mean, there's a whole... You keep saying there's things you don't know, there's things we don't know. It just seems like there's a whole lot of I don't know. It is, Your Honor, and at this stage of the proceedings, it is the defendant's burden. This is a 2255 motion alleging ineffectiveness under the facts. It was a reasonable decision of... He's saying his counsel at the very, very least, within 70 days after April 27, 2004, should have filed something, and he didn't. And he probably should have filed something almost at that time because the time period should have gone back to somewhere around January 8th. Remember, this is a guy that was president to creation, to paraphrase Dean Atchison, and he knew what the story was with respect to the cooperation, and yet he didn't do it. Now, that might establish that he acted in a way that didn't meet the standards of what counsel should do. Then you go to the prejudice issue as to whether the government was acting in bad faith. Well, Your Honor, the question is, is the failure to file that motion ineffective assistance? Is it so far beyond the ordinary competence expected of lawyers that it is ineffective assistance? And, Your Honor, we submit there is not because there is not any law. Now, it may be reasonable for the district court to make that law, but there is no law now saying that the speedy trial clock begins to run when the government's reason for sealing expires. There's some law in the statute of limitations, but there's nothing. Just to take a guess, again, counsel was smart enough to file on March 10 a motion to dismiss the complaint because he knew that there was something going on that didn't comply. There was an indictment, or he didn't think there was an indictment filed within 30 days after the arrest. Then, so he knows the speedy trial act later on. My guess is, just a guess, that the man was released on March 31. No one really knew where he was. When he found out about it on April 27, he didn't even know how to get in touch with Mr. Zahir. You know, he goes on to his next case. That would be my guess, but I don't know. Well, and your honor, that's not really relevant for a couple of reasons. May I ask a question? Once the defendant was released, does the speedy trial act continue to apply? Thank you, Judge Weiss. That was actually one of the points I was about to make. Well, you didn't make it so far. We have a period of time where the defendant was unavailable and his whereabouts were unknown. That is the sort of period of time that would have been excludable under the speedy trial act anyhow. So I think that the period from the end of April until the defendant's But my point was also that he was there. He knew when the cooperation stopped. Why would he not have filed a motion that said right around January 8, the clock should have started because you knew he wasn't going to cooperate, and 70 days from that was sometime in March. Because, your honor, there is no law saying that that's when the period of trial, the speedy trial period runs. He would have to make new law to file that motion. The law says the speedy trial period runs from the, in this case, making public of the indictment. In this case, officially, the indictment was not made public until the following December. Now, one You're saying since there's no law, there is no deficiency. Yes. When there is no clear governing law, a lawyer cannot be ineffective for failing to make new law. And there isn't anything on this point. The plain language of the statute says the speedy trial act, the 70-day period, has not yet started to run. Would it have been possible for him to make such a motion either during that 70-day period, either during the period when the defendant was at liberty or thereafter, any time up until the time of trial? He could have made that motion. But because it would have required the making of new law, even though it's a reasonable argument, it was not ineffective for him to fail to do so. Moreover, as your honors have pointed out, there is absolutely no showing of prejudice. Moreover, there is no effort to show prejudice in this case. That is an essential part of the defendant's burden on a 2255 ineffectiveness motion. It has not been met. And for that reason, this Court should affirm. Your honors, I see my time is up. Are there any other matters you wish to discuss? Thank you, your honor. Your honor, there is prejudice to my client. We don't know if the government would have been ready within the 70-day time period, pursuant to their lab report, to try this case. So my client, without the lab results, and your honor made a well point, that in the latter part of March they were hustling to try to get the lab results, would in fact have prejudiced my client if the correct calculation of speedy trial would have been applied in this case by trial counsel. With respect to the January 8th profferent ending by my client, that is part of the record. It's in my brief. It's stated on page 16, and it is cited in my brief, Judge. Moreover, when the trial court inquired of the government's ongoing investigation, as cited on my brief on page 15, the government did not offer anything remotely concrete. They just continued to say the pro-functioning language, we are continuing with our investigation. Their investigation was prejudicial to my client and his speedy trial rights. There were no co-defendants involved in this case, no co-conspirators, nobody but my client. My client was found guilty of taking cocaine and having it come from Oakland on a plane to Philadelphia and got arrested. He acted alone, was on the plane alone. So there's no reason to infer that there were other people involved, just merely because there was a large amount of drugs in this case. Thank you. Thank you. Thank you to both counsel. We take the matter under advisement and call our next case, our last case for discussion.